# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT L. BOLDEN, SR., | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 2:14-cv-103-WTL-MJD |
| FEDERAL BUREAU OF PRISONS, et al., | ) |
| Defendants. | ) |

## ENTRY ON DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on the Defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted (dkt. no. 31). The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

### I.  PLAINTIFF'S ALLEGATIONS

Plaintiff Robert L. Bolden, Sr., is currently on death row at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"). Bolden is a type 1 diabetic,[1] and he also suffers from chronic kidney disease and high blood pressure.[2] Since arriving at USP Terre Haute, Bolden's diabetes, kidney disease, and high blood pressure have been largely uncontrolled. As a result, he has suffered from countless episodes of life-threatening hyperglycemia (high blood

---

[1] Type 1 diabetes is a chronic disease in which the pancreas produces little or no insulin, a hormone that regulates glucose (which in excess can be toxic) in the blood.

[2] Although the Bureau of Prisons is not required to follow a District Court Judge's housing recommendation, it is noteworthy that the judge in Bolden's case recommended that he "be assigned to a medical facility so as to allow him to receive treatment for [his] diabetes." Compl. at ¶ 12.

sugar) and hypoglycemia (low blood sugar).[3] In 2013 alone, Bolden was found to be unconscious or unresponsive more than ten times. Each time, Bolden was medically revived by the prison staff. Bolden continues to suffer from significant and sometimes coma-inducing episodes of hyperglycemia and hypoglycemia. His uncontrolled diabetes has also caused him to suffer from chronic pain, nausea, vomiting, rapid weight loss, seizures, headaches, blurred vision, and frequent and bloody urination. Of course, Bolden blames the Bureau of Prisons and the individually named Defendants (who have been sued in their official capacities)[4] for his inadequate medical treatment. Bolden alleges that the Defendants' failure to provide him with adequate medical care is cruel and unusual and violates the Eighth Amendment of the Constitution. Bolden also asserts a claim for declaratory relief under 28 U.S.C. § 2201. Ultimately, Bolden seeks an injunction directing the BOP to transfer him to a medical facility and to provide him with an insulin pump and adequate medical care.

## II. DISCUSSION

Importantly, Bolden does not assert a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), or the Federal Tort Claims Act ("FTCA"). Rather, his complaint, which seeks only equitable relief, alleges jurisdiction directly under the Eighth Amendment through 28 U.S.C. § 1331, which generally states that district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." According to the Defendants, Bolden's Eighth Amendment claim must be

---

[3] Bolden's hyperglycemia often leads to ketoacidosis, a condition where toxic levels of acids build up in the blood resulting in pain, mood swings, unconsciousness, and/or a diabetic coma.

[4] "An official capacity action against a government employee is essentially a suit against the government entity itself." *Sterling v. United States*, 85 F.3d 1225, 1229 (7th Cir. 1996).

supported by some other "vehicle" of federal law. Because it is not, his Eight Amendment claim must be dismissed. The Court does not agree.

"At least since *Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976), federal courts have recognized the right of prisoners to relief if prison officials deny them basic medical care, in violation of the Eighth Amendment." *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1227 (10th Cir. 2005). In *Simmat*, a prisoner filed suit against the BOP and two prison dentists—in their official capacities—alleging that they denied him adequate dental care in violation of the Eighth Amendment. The district court dismissed the case, and Simmat appealed. On appeal, the Tenth Circuit considered whether the district court had subject matter jurisdiction over the case. The court concluded as follows:

> Mr. Simmat's claim easily meets the basic requirements of federal question jurisdiction. Mr. Simmat alleges that the defendants deprived him of adequate medical care by deliberate indifference to his serious dental needs. This claim arises directly under the Constitution. The Eighth Amendment prohibits the government from incarcerating prisoners without providing adequate medical care. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001). "Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody." *Perkins*, 165 F.3d at 811 (citing *Estelle v. Gamble,* 429 U.S. 97, 104–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Mr. Simmat's claim is neither "immaterial" nor "frivolous." It thus gives rise to general federal question jurisdiction under 28 U.S.C. § 1331.

*Id.* at 1231.

Although *Simmat* is nonprecedential, the Court finds the decision persuasive. Therefore, Bolden need not assert his Eighth Amendment claim through *Bivens* or the FTCA in order for this Court to have subject matter jurisdiction.

The Court also finds that Bolden has alleged sufficient facts to support a claim of cruel and unusual punishment under the Eighth Amendment. Bolden alleges that he has experienced and continues to experience regular coma-inducing episodes of hyperglycemia and hypoglycemia; contrary to the Defendants' characterization, this goes beyond allegations of

"ordinary medical negligence." As such, Bolden's claim under the Eighth Amendment may proceed against the Defendants. Further, the Defendants concede that if Bolden "has properly alleged a cause of action for an eighth amendment violation, then he has properly stated a claim for declaratory relief." Defs.' Reply at 6. Accordingly, and based on the reasons set forth above, the Defendants' motion to dismiss (dkt. no. 31) is **DENIED** in its entirety.

SO ORDERED: 1/06/15

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.